**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000765
26-FEB-2013
08:09 AM**

NO. CAAP-11-0000765

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MATTHEW LOCKEY, Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 11-1-1241)


SUMMARY DISPOSITION ORDER
(By: Fujise and Ginoza, JJ. with
Nakamura, C.J. dissenting separately)

Defendant-Appellant Matthew C. Lockey (Lockey) appeals from the Judgment of Conviction and Sentence, filed on September 28, 2011 in the Family Court of the First Circuit (family court).[1]

Lockey was convicted of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106 (Supp. 2011).[2]

---

[1] The Honorable Wilson M.N. Loo presided.

[2] HRS § 711-1106(1)(a) states:

§711-1106 Harassment.  (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:
(a)    Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

On appeal, Lockey contends that (1) the family court erred by denying his oral motion to dismiss the charge on due process grounds because it was defective for failing to provide Lockey with notice of the prohibited conduct and (2) there was insufficient evidence to convict him of harassment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lockey's points of error as follows:

On March 1, 2011, a complaint was filed charging that Lockey committed the offense of harassment. Subsequently, on May 27, 2011, after the deputy prosecutor formally arraigned Lockey and described the charge against him, Lockey made an oral motion to dismiss the case because the charge of harassment was made in the disjunctive and failed to provide notice as to the actual charge. The family court denied the motion and the case proceeded to bench trial that day.

The State contends that Lockey waived his objection to the charge because it was untimely. The State contends that Lockey was ordered to file all pretrial motions 72 hours in advance of trial and failed to timely object to the lack of fair notice in the complaint. We do not agree.

A charge that fails to sufficiently apprise a defendant of what he or she must be prepared to meet is a defective charge that fails to state an offense. State v. Sprattling, 99 Hawai'i 312, 316, 55 P.3d 276, 280 (2002). As even the State notes in its answering brief, objections to defects in a charge based on a failure to charge an offense "shall be noticed by the court at any time during the pendency of the proceedings[.]" Hawai'i Rules of Penal Procedure (HRPP), Rule 12(b)(2). Thus, Lockey was not precluded from raising his objection to the complaint in this case, even though it was not raised 72 hours in advance of trial.

2

The State further argues that Lockey had both the complaint and discovery for this case for almost three months prior to raising his objection to the charge. "[I]n construing the validity of an oral charge, we are not restricted to an examination solely of the charge, but will interpret it in light of all of the information provided to the accused." Sprattling at 319, 55 P.3d at 283 (citation omitted). The State fails, however, to establish the type of information that was provided to Lockey in discovery and fails to point to anything in the record establishing the information that Lockey had, besides the complaint. This argument, therefore, is not helpful to the State.

The written complaint and the oral charge read to Lockey on the day of trial were pled in the disjunctive, which did not sufficiently apprise Lockey of what he must be prepared to meet. See State v. Jendrusch, 58 Haw. 279, 283 n.4, 567 P.2d 1242, 1245 n.4 (1977). Under HRS § 711-1106(1)(a), there are multiple types of contact that could result in a conviction for harassment if the other elements are met.

In State v. Pesentheiner, 95 Hawai'i 290, 22 P.3d 86 (App. 2001), the defendant claimed that knocking off a person's hat did not constitute "touching another person in an offensive manner or subjecting the other person to offensive physical contact." 95 Hawai'i at 294, 22 P.3d at 90 (brackets omitted). In Pesentheiner, this court stated:

> The statute thus expressly proscribes contact with an individual's person by way of a "strike[], shove[], kick[]," or other method of "touching[.]" However, HRS § 711-1106(1)(a) also prohibits, in the disjunctive and alternatively, acts which "subject[] [another] person to offensive physical contact[.]"
>
> On appeal, the State contends that Pesentheiner's conduct falls within the first of these prohibitions. We question this parsing of the statute. On its face, HRS § 711-1106(1)(a) strains to support a construction that defines the phrase "[s]trikes, shoves, kicks, or otherwise touches another person" as anything less than actual bodily contact, whether directly or indirectly through the

> clothing or other material intended to cover the body.
> Such a construction would be contrary to the
> commonsense understanding imparted by the statute's
> choice of words.
>
> That said, we move to examine whether
> Pesentheiner nonetheless violated the alternative
> prohibition of HRS § 711-1106(1)(a), against
> "offensive physical contact[.]"  Pesentheiner argues
> that "offensive physical contact" should be strictly
> construed to mean only actual contact with or touching
> of another individual's person.  However, as stated
> above, the plain language of HRS § 711-1106(1)(a)
> makes clear that the statute already proscribes such
> actions in its first prohibition against
> "[s]trik[ing], shov[ing], kick[ing], or otherwise
> touch[ing] another person[.]"
>
> As a general rule, "[c]ourts are bound to give
> effect to all parts of a statute, and . . . no clause,
> sentence, or word shall be construed as superfluous,
> void, or insignificant if a construction can be
> legitimately found which will give force to and
> preserve all words of the statute."  In re Doe, 90
> Haw. 246, 250, 978 P.2d 684, 688 (1999).  In light of
> this consideration, it becomes apparent that
> "offensive physical contact" must constitute more than
> simply the "touch[ing] [of] another person in an
> offensive manner" if the phrase in the disjunctive is
> to hold any independent meaning or effect.
>
> We believe that "offensive physical contact"
> encompasses the conduct in question here, offensive
> contact that, while separate and apart from the
> various forms of actual bodily touching, nevertheless
> involves contact with an item physically appurtenant
> to the body. We believe that such a construction is
> mandated by the plain meaning of HRS § 711-1106(1)(a),
> read in its entirety.

Id. at 294-95, 22 P.3d at 90-91 (brackets in original, emphasis added and footnotes omitted).  Because "offensive physical contact" has an independent meaning from "touching of another person in an offensive manner," the terms are not synonymous and the former is not inclusive of the latter.

As the Hawai'i Supreme Court stated many years ago:

> In charging the defendant in the disjunctive rather than in
> the conjunctive, it left the defendant uncertain as to which
> of the acts charged was being relied upon as the basis for
> the accusation against him. Where a statute specifies
> several ways in which its violation may occur, the charge
> may be laid in the conjunctive but not in the disjunctive.

_Jendrusch_, 58 Haw. at 283 n.4, 567 P.2d at 1245 n.4.  Moreover, in _State v. McCarthy_, 124 Hawai'i 129, 237 P.3d 1195, No. 29701 2010 WL 3433722 at *4 (App. Aug. 31, 2010) (mem.), this court stated:

> [a]lternatively, this court has recommended that the better approach is to phrase the complaint in both the conjunctive _and_ the disjunctive. "[T]he most appropriate method to allege one offense committed in two different ways is to allege in one count that the defendant committed the offense (a) in one way 'and/or' (b) in a second way." _State v. Cabral_, 8 Haw. App. 506, 511, 810 P.2d 672, 675-76 (1991). The supreme court has expressed agreement. _State v. Batson_, 73 Haw. 236, 250, 831 P.2d 924, 932 (1992).

(footnote omitted).

Because the charge in this case failed to sufficiently apprise Lockey of what he must be prepared to meet, the charge failed to state an offense.  We need not address Lockey's claim that there was insufficient evidence to convict him.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, filed on September 28, 2011 in the Family Court of the First Circuit is vacated and the case is remanded with instructions to dismiss the case without prejudice.

DATED:  Honolulu, Hawai'i, February 26, 2013.


On the briefs:

Harrison L. Kiehm
for Defendant-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Associate Judge

Associate Judge